UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
TUSCALOOSA DIVISION

In re:

BRENDA'S RENTALS, LLC,                  Case No. 13-72305-11

    Debtor.
_____/

## MOTION FOR RELIEF FROM STAY

**COMES NOW** Alabama One Credit Union ("Lender") and hereby files this Motion for Relief from Stay against the debtor, Brenda's Rentals, LLC ("Rentals") and, pursuant to 11 U.S.C. § 362, hereby shows the Court as follows:

### BACKGROUND

1. Lender and Rentals' principal Jerry A. Griffin, and his wife Brenda A. Griffin (the "Griffins") have been doing business together for decades. The relationship obviously went well for a long period of time.

2. However, in the last couple of years, the relationship began to sour. More recently, Rentals and the Griffins (who filed a joint Chapter 11 bankruptcy filing contemporaneously with this case) and Jerry's Enterprises, Inc. ("Enterprises", which also filed a contemporaneous bankruptcy petition) stopped paying on the indebtedness they owed to the Lender and thereby have a continuing payment default.

3. On July 16, 2013, Rentals, the Griffins, and Enterprises filed a lender liability complaint against Lender and others regarding a series of events that the Debtors' allege began in 2009. The lender liability case is pending in Tuscaloosa County, Alabama Case Number CV-62-2013 ("Civil Action").

4. Initially, the Debtors were able to obtain a TRO to delay the foreclosures being conducted by the Lender against Rentals and the Griffins.

5. Lender appeared in the civil action and denied any liability to the Debtors. Lender also challenged the issuance of the TRO and the motion for preliminary injunction.

6. After a hearing, the State Court in the Civil Action permitted the Lender to proceed with foreclosure on certain mortgages, but not on other mortgages. Specifically, the State Court allowed Lender to proceed with foreclosure on the "Multi-Parcel Mortgage", but not on the "Jupiter Mortgage". The State Court also permitted the Lender to proceed with foreclosure on the Griffin's home in Tuscaloosa County and their "Perdido Condo." Other foreclosures were enjoined by the order, which was in the nature of a preliminary injunction. The most recent version of this Order in the nature of a preliminary injunction is dated October 21, 2013. A copy the Order is attached to the Evidentiary Submission as Exhibit 1[1].

7. The Rentals posted a cash bond of $93,000 to support the TRO the ("Cash Bond"). ES 2.

8. The Lender reset the permitted mortgage foreclosures for November 1st in Tuscaloosa County and November 8th in Baldwin County.

9. During the days leading up to November 1st, the parties attempted to settle their dispute, including negotiations throughout the very day the foreclosures were set. Eventually, the parties agreed to postpone the foreclosures in Tuscaloosa for two weeks until November 15th, knowing that the foreclosure sale in Baldwin County was still set for November 8th.

---

[1] The "Evidentiary Submission" includes many of the contract, security, and communication documents still in force between the Lender and the Debtors. Documents in the Evidentiary Submission are referred to herein as "ES ___". The documents in the Evidentiary Submission are authenticated by the affidavit of Denise Crawford included in the Evidentiary Submission.

10. The parties continue to negotiate, but did not reach a settlement agreement.

11. On November 8th, the mortgage on the Perdido Condo was foreclosed, with the Lender being the highest bidder. The foreclosure deed was recorded, and the 10-day letter to vacate the premises was sent, all before the Griffins filed Chapter 11.

12. The parties continued to negotiate without success through November 14, 2013. Then, at approximately 6:00 p.m. on November 14, the Griffins, Rentals, and Enterprises each filed their respective Chapter 11 bankruptcy petitions.

13. Lender is the largest creditor of both Rentals and the Griffins. The largest secured creditor of Enterprises, on information and belief, is Robertson Bank. Lender is the largest unsecured creditor of Enterprises.

### MULTI-PARCEL MORTGAGE

14. On or about November 6, 2008, Rentals executed a Promissory Note and a Commercial Loan Agreement in the principal amount of $2,083,475.91 in favor of Lender. ES 51.

15. Rentals executed the Multi-Parcel Mortgage in favor of Lender to secure this and other indebtedness. This mortgage was recorded in the real property records of Tuscaloosa County, Alabama. ES 52.

16. To further secure the indebtedness associated with the Multi-Parcel Mortgage, Rentals granted to Lender on or about August 23, 2012, an "Assignment of Leases and Rents". This document was recorded in the real property records of Tuscaloosa County, Alabama. The Assignment of Leases and Rents provides in Paragraph 3 that "This agreement is an absolute assignment and not an assignment for additional security." ES 53.

17. This indebtedness was guaranteed, jointly and severally, by each of the Griffins and Enterprises. ES 54.

18. On or about December 6, 2010, Lender executed and recorded a Partial Release of Mortgage releasing two parcels of property from the Multi-Parcel Mortgage. ES 55.

19. On or about January 25, 2012, Rentals executed a Debt Modification Agreement and Griffins and Enterprises executed a Notice and Consent to Modification by Guarantor. ES 56.

20. On or about January 25, 2012, Rentals executed a Modification of Mortgage Agreement, modifying the Multi-Parcel Mortgage. The document was recorded in the real property records of Tuscaloosa, Alabama. ES 57.

21. As of November 1, 2013, the primary principal balance owing on the loan that the Multi-Parcel Mortgage secures was $1,807,308.63, plus late charges, past due interest, attorney's fees, and other charges.

22. Rentals is in default on the Multi-Parcel Mortgage by failing to make several monthly payments when they came due.

23. On or about July 29, 2013, Lender exercised its rights under the Assignment of Leases and Rents and notified the then five commercial tenants (Bill Lloyd, Tao Zhang, Vardaman Enterprises, Inc., Check Advance, and Cynical Tattoos, LLC) of the property securing the Multi-Parcel Mortgage to make their rental payments directly to Lender. When Lender learned of a sixth commercial tenant Saga Petroleum Corp, it sent Saga a similar letter on October 23, 2013. All these letters makeup ES 58.

24. At least most, if not all, of these commercial tenants are making their monthly payments directly to Lender.

4

20116305 v1

Case 13-72305-CMS11    Doc 12    Filed 11/21/13    Entered 11/21/13 11:47:38    Desc Main
Document    Page 4 of 9

25. Lender continues to exercise its right under the Assignment of Leases and Rents, which action does not violate the automatic stay.

26. The Cash Bond also stands as security for Rentals' and the Griffins' obligations to Lender. ES 2.

27. Lender is entitled to Relief from Stay, for cause, against all of its collateral, including lack of adequate protection of its interest in the collateral securing the Multi-Parcel Mortgage.

28. Lender is also entitled to relief from stay because the collateral securing the Multi Property Mortgage is not necessary to the effective reorganization of Rentals.

29. Lender is also entitled to relief from stay because there is no reasonable likelihood of an effective reorganization.

30. The Multi-Family Mortgage by its terms also secures all other debts owed by the Rentals to Lender.

31. The amount of the other debt owed by Rentals to Lender, (which is more particularly described below) is $1,744,856.69 plus late charges, past due interest, attorney's fees, and other charges.

32. The value of the collateral subject to the Multi-Parcel Mortgage is less than the amount of the debt that it secures. However, the value of all Lender's collateral with respect to Rentals exceeds the amount of the principal indebtedness owed by Rentals, but should not exceed the total of all of Rentals debts to Lender.

33. The Preliminary Injunction issued in the Civil Action does not prohibit Lender from foreclosing on the Multi-Parcel Mortgage.

## JUPITER MORTGAGE

34. On or about August 23, 2012, Rentals executed a Promissory Note and a Commercial Loan Agreement in the principal amount of $1,746,493.02 in favor of Lender. ES 59.

35. On or about August 23, 2012, Rentals executed the "Jupiter Mortgage" in favor of Lender to secure this and other indebtedness. This mortgage was recorded in the real property records of Tuscaloosa County, Alabama. ES 60.

36. To further secure the indebtedness associated with the Jupiter Mortgage, Rentals granted to Lender on or about August 23, 2012 an "Assignment of Leases and Rents". This document was recorded in the real property records of Tuscaloosa County, Alabama. The Assignment of Leases and Rents provides in Paragraph 3 that "This agreement is an absolute assignment and not an assignment for additional security." ES 61.

37. This indebtedness was guaranteed, jointly and severally, by each of the Griffins and Enterprises. ES 62.

38. On or about May 31, 2013, Lender exercised its rights under the Assignment of Leases and Rents and notified the two commercial tenants (MR. Entertainment, LLC, popularly known as the Jupiter Bar) and Waffle House, Inc. of the property securing the Jupiter Mortgage to make their rental payments directly to Lender. ES 63.

39. The commercial tenant informed MR. Entertainment informed Lender that it he is not required to make monthly payments but instead is improving the premises. Lender notes that Jerry Griffin is a principal of MR. Entertainment who executed the lease on behalf of MR Entertainment. Lender is without personal knowledge of the truth of MR. Entertainment's

statement regarding its rental payment obligation on the lease. Lender has not received any rents from MR. Entertainment.

40. As of November 1, 2013, the primary principal balance owing on loan that the Jupiter Mortgage secures was $1,744,856.69 plus late charges, past due interest, attorney's fees, and other charges.

41. Rentals is in default on the Jupiter Mortgage by failing to make several monthly payments when they came due.

42. The Cash Bond also stands as security for Rentals' and the Griffins' obligations to Lender. ES 2.

43. Lender is entitled to Relief from Stay for cause in all of its collateral, including lack of adequate protection of its interest in the collateral securing the Jupiter Mortgage.

44. Lender is also entitled to relief from stay because the collateral securing the Jupiter Mortgage is not necessary to the effective reorganization of Rentals.

45. Lender is also entitled to relief from stay because there is no reasonable likelihood of an effective reorganization.

46. The Jupiter Mortgage, by its terms, also secures all other debts owed by the Rentals to Lender.

47. The amount of the other debt owed by Rentals to Lender is stated above in the section of this motion regarding the Multi-Parcel Mortgage.

48. The value of the collateral subject to the Jupiter Mortgage is less than the amount of the debt that it secures. However, the value of all Lender's collateral with respect to Rentals exceeds the amount of the principal indebtedness owed by Rentals, but should not exceed the total of all of Rentals debts to Lender.

49. The terms of the Preliminary Injunction in the Civil Action expressly state that the Lender may not foreclose on the Jupiter Mortgage.

50. The filing of the instant bankruptcy case creates a bankruptcy estate of which the Bankruptcy Court has exclusive control. 28 U.S.C. Sec. 1334(e). Thus, the Preliminary Injunction has been superseded by the bankruptcy and is no longer effective to prohibit any foreclosure.

**RELIEF REQUESTED**

WHEREFORE, Lender moves this Court to terminate, annul, modify, or condition the automatic stay, so as to permit Lender to exercise all of its legal and contractual rights in and to the collateral securing any and all of the indebtedness owed by Rentals to Lender, specifically the collateral securing the Multi-Parcel Mortgage, the Jupiter Mortgage, the Assignments of Leases and Rents, and the Cash Bond.

Respectfully submitted,

*/s/ Michael Leo Hall*
Michael Leo Hall
Derek F. Meek

OF COUNSEL:

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

8

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail or email on this the 21st day of November, 2013.

| | |
|---|---|
| Mary Lane L Falkner<br>Lewis, Smyth & Winter, P.C.<br>611 Helen Keller Blvd.<br>Tuscaloosa, AL 35404<br>marylane@lswattorneys.com | Robertson Banking Company<br>c/o Robert P. Reynolds, Esq.<br>Reynolds, Reynolds & Little, LLC<br>P. O. Box 2863<br>Tuscaloosa, AL 35403-2863<br>rreynolds@rrllaw.com |
| Joseph E. Bulgarella<br>Bankruptcy Administrator<br>United States Bankruptcy Court<br>Northern District of Alabama<br>2005 University Boulevard<br>Suite 1300<br>Tuscaloosa, AL 35401<br>joe_bulgarella@alnba.uscourts.gov | Brenda's Rentals, LLC<br>2317 Skyland Boulevard<br>Tuscaloosa, AL 35405-4326 |
| Capstone Bank<br>c/o Robert P. Reynolds, Esq.<br>Reynolds, Reynolds & Little, LLC<br>P. O. Box 2863<br>Tuscaloosa, AL 35403-2863<br>rreynolds@rrllaw.com | U. S. Bankruptcy Court<br>2005 University Boulevard, Room 2300<br>Tuscaloosa, AL 35401-1546 |

        /s/ Michael Leo Hall
        OF COUNSEL

20116305 v1