IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

BRENDA'S RENTALS, L.L.C, et al.[1]   BK 13-72305-CMS11
                                     (Jointly Administered)

　　　　Debtors.

## MEMORANDUM OPINION

This case came before the court on March 17, 2014, for hearing on the Motion for Appointment of Chapter 11 Trustee or in the alternative to Terminate the Exclusivity Period filed by Alabama One Credit Union ("Movant"). (Bk. Doc. 166). Movant seeks the appointment of a separate Chapter 11 Trustee for each of the three debtors in this jointly administered case. These debtors are Brenda's Rentals, L.L.C. ("Brenda's"); Jerry Allen Griffin ("Mr. Griffin") and Brenda Hunter Griffin ("Mrs. Griffin") (collectively referred to as "the Griffins"); and Jerry's Enterprises, Inc. ("Jerry's). Herbert M. Newell, III and Jillian L. Guin White appeared on behalf of Brenda's; Jerry C. Oldshue, Jr. and Robert A. Morgan appeared on behalf of the Griffins; Mary Lane L. Faulkner and Justice D. Smyth, III, appeared as special counsel for Brenda's and the Griffins; No one appeared on behalf of Jerry's as no counsel has yet been employed; Derek F. Meek and Michael Leo Hall appeared on behalf of Movant; Joseph Edward Bulgarella appeared on behalf of the Bankruptcy Administrator. After consideration of the evidence and the arguments of the parties this court **DENIES** the Motion for Appointment of Chapter 11 Trustee as to Brenda's and the Griffins

---

[1] In addition to Brenda's Rentals, L.L.C., the Debtors include the following entities: (1) Jerry Allen Griffin and Brenda Hunter Griffin; and (2) Jerry's Enterprises, Inc.

and **GRANTS** said motion as to Jerry's.²

Before ruling on the Motion for Appointment of Chapter 11 Trustee, some background and a description of the entities involved in this matter is needed.

The Griffins have jointly operated several small family businesses in Tuscaloosa for the past 45 years. Historically, they have been able to run these businesses at a profit. For years, they ran Jerry's Cleaners, a successful commercial laundry business with locations in Tuscaloosa and Northport. The Griffins sold Jerry's Cleaners in 2007. After the sale of Jerry's Cleaners, the Griffins' income consisted of social security benefits, rent from the Jerry's Cleaner's building of about $4,500.00 per month, and the rental income generated by the commercial buildings owned by Brenda's. The Griffins are the sole members of Brenda's. Brenda's owns numerous commercial buildings in Tuscaloosa and Northport. One such building is located on Skyland Blvd. in Tuscaloosa, Alabama. Prior to the petition being filed, the building was being renovated to be used as a commercial laundry. All of the laundry equipment has been installed in the building, but the laundry is not yet open. Jerry's purchased at least some of the laundry equipment that is installed in the building owned by Brenda's. It is unclear whether Jerry's or Brenda's is the owner of the laundry equipment.³ The laundry cannot open until the City of Tuscaloosa issues a Certificate of

---

²This order will not address the alternative relief sought in this motion. There is a pending Motion to Extend the Exclusivity Period in Brenda's and the Griffins' bankruptcy cases. Any issues related to the exclusivity period will be dealt with in the resolution of that motion. The alternative relief requested is moot as to Jerry's because the exclusivity period has ended and no motion to extend has been filed.

³The invoices admitted into evidence at the hearing on the Motion for Relief from Stay filed by Robertson Bank indicate that the laundry equipment was sold and shipped to Jerry's, but Exhibit A to the Amendment to Construction and Term Loan Agreement indicates that Brenda's owns some laundry equipment as well. This court will not make a determination as to who owns the laundry equipment because it is not necessary for a resolution of this motion.

2

Occupancy. Such certificate cannot be issued until new sewer lines have been installed and the parking lot is paved.[4] Once the laundry is open, Griffin's Cleaners, L.L.C., ("Griffin's Cleaners") will run the commercial laundry and will pay rent to Brenda's. Vince Griffin, the son of the Griffins, owns Griffin's Cleaners. Griffin's Cleaners used to be jointly owned by Vince Griffin and Mr. Griffin. Prior to the bankruptcy filing, all interest in Griffin's Cleaners was transferred to Vince Griffin.

In 2009, the Griffins became financially involved with Danny Butler, allegedly at the advice of employees of Movant. The financial involvement with Danny Butler soured and the Griffins began experiencing financial difficulties.[5]

On July 16, 2013, the Griffins, Brenda's, and Jerry's filed a complaint in the Circuit Court of Tuscaloosa County, Alabama against Movant and numerous other defendants.[6] The complaint asserted that defendants engaged in fraudulent misrepresentation, fraudulent suppression, negligence, wantonness, and conspiracy when they allegedly advised the Griffins to become financially involved with Danny Butler.

On July 29, 2013, Movant exercised its rights under the Assignment of Leases and Rents that Movant entered into with Brenda' and seized all Brenda's rents, which are approximately $35,000.00

---

[4] This court is not aware of whether this work has been completed. Relief from the automatic stay was granted to Robertson Bank to pursue foreclosure on the building and commercial laundry equipment.

[5] Danny Butler has now been indicted and pled guilty to charges concerning these financial dealings.

[6] The complaint was removed to this court on January 15, 2014. (AP Doc. 1). The removed action was assigned case number 14-70001. A Motion to Remand is pending. (AP Doc. 4).

3

per month and has stopped Brenda's from pursuing $17,000 per month from a tenant who has not paid rent since February 2014. The interception of rents limited the income that was available to the Griffins personally.

On November 14, 2013, Brenda's filed a bankruptcy petition under Chapter 11 of the Bankruptcy. Said case was assigned case number 13-72305. Jerry's filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code that same day. Said case was assigned case number 13-72306. The Griffins filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code that same day. Said case was assigned case number 13-72307. Griffin's Cleaners has not filed bankruptcy.

The same law firm, Lewis, Smyth & Winter, P.C., filed all three bankruptcy petitions and sought employment as bankruptcy counsel for all three debtors as well as employment as special counsel to pursue the lawsuit pending against Movant and various other defendants in state court.[7] Movant objected to the employment of said law firm. This court agreed with Movant insofar as the same law firm could not represent all three debtors because all of the debtors are closely related and the likelihood of one debtor having to recover preferences and/or fraudulent transfers from another debtor was too great. The hearing on the applications to employ were continued numerous times in order to find new bankruptcy counsel for all three debtors.

On February 25, 2014, Movant filed the Motion for Appointment of Chapter 11 Trustee. (Bk. Doc. 166).

On March 11, 2014, the Application to Employ filed by the law firm of Newell & Holden was approved and said law firm became bankruptcy counsel for Brenda's. (Bk. Doc. 211).

---

[7] Lewis, Smyth & Winter, P.C. represented the debtors prepetition in the state court law suit.

4

On March 13, 2014, the Application to Employ filed by the law firm of Rosen Harwood, P.C. was approved and said law firm became bankruptcy counsel for the Griffins. (Bk. Doc. 217). Jerry's is still without bankruptcy counsel.

On March 17, 2014, testimony was taken on the Motion for Appointment of Chapter 11 Trustee

On March 18, 2014, the Application to Employ filed by the law firm Lewis, Smyth & Winter P.C., was approved over the objection of Movant and said law firm became special counsel for both Brenda's and the Griffins for the purpose of pursing the lawsuit against Movant. (Bk. Doc. 234). Movant argued at the hearing that the lawsuit should be handled solely by bankruptcy counsel as it involved the relationship between the debtors and their largest creditor. The court disagreed because the lawsuit was pending prior to the bankruptcy petition and was filed pursuant to state law, i.e., was completely independent of the bankruptcy code.

Having set out the relationships between the relevant parties, this court will now turn to whether a trustee should be appointed in any of the three bankruptcy cases before this court. Section 1104 of the Bankruptcy Code provides, in pertinent part:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-
>  (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>  (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a). "There is a strong presumption in chapter 11 cases that a debtor in possession

should remain in possession absent a showing of the need for a trustee." In re Sundale, Ltd, 400 B.R. 890, 899 (Bankr. S.D. Fla. 2009). "This presumption is based on the belief that the debtor in possession is most knowledgeable about, and best able to run, the debtor's business." Id. "Because the appointment of a trustee is such an extraordinary remedy, the moving party must show that cause for appointment of a trustee exists by clear and convincing evidence." Id. "The decision whether to appoint a trustee is fact intensive and the determination must be made on a case by case basis." Id. at 900. Movant asserts that a separate Chapter 11 trustee should be appointed in the Griffins' case, Brenda's case, and Jerry's case under both § 1104(a)(1) and § 1104(a)(2). The court will address the appointment in each debtor's case separately.

### Brenda's Rentals, L.L.C.

"Under section 1104(a)(1) the court is required to appoint a trustee upon finding cause, including fraud, dishonesty, incompetence or gross mismanagement by the debtor." In re Sundale, 890 B.R. at 900. "The use of the word 'shall' leaves no discretion in appointment once cause is found." Id.. "While appointment is mandatory once cause is found, it is within the court's discretion, on a case-by-case basis, 'to determine whether conduct rises to the level of cause.'" Id. (quoting Comm. of Dalkon Shield Claimants v. A.H. Robins Co., 828 F. 2d 239, 242 (4th Cir. 1987)). "In making a determination of whether cause exists under this section, courts have looked at a variety of factors including:

(1) Materiality of the misconduct;

(2) Evenhandedness or lack of same in dealings with insiders or affiliated entities vis-a-vis other creditors or customers;

6

(3) The existence of pre-petition voidable preferences or fraudulent transfers;

(4) Unwillingness or inability of management to pursue estate causes of action;

(5) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor;

(6) Self-dealings by management or waste or squandering of corporate assets."

Id.  After a review of the evidence submitted at trial and after consideration of the relevant factors, this court finds that cause does not exist to appoint a Chapter 11 trustee in Brenda's.  The Griffins are the sole members of Brenda's, which holds a large number of rental real estate properties in the Tuscaloosa area.  One such building is located on Skyland Blvd.  In 2012, Brenda's began the renovation of this property to convert it into a commercial laundry.  Mr. Griffin testified that the renovation was a lock and key job, meaning that Brenda's would undertake all the expenses of equipping and renovating the building and then rent it to Griffin's Cleaners.  Robertson Banking loaned Brenda's the money to undertake this renovation.  Although Mr. Griffin testified that these funds were used for the renovations of the building and installation of the commercial laundry equipment, Movant introduced evidence showing numerous transfers from Brenda's to Griffin's Cleaners. (Movant's Exhibit 101).  These transfers initially caused the court concern, but after hearing Mr. Griffin's and Vince Griffin's testimony, this court finds that the money transferred to Griffin's Cleaners was used for the ultimate purpose of getting the building converted to a commercial laundry so that it could be rented out to Griffin's Cleaners.

Mr. Griffin testified that Brenda's also paid the post-petition rent on another building not owned by Brenda's.  The building was to be a drop-off location for Griffin's Cleaners.  The court does not find that this necessitates the appointment of a Trustee for few reasons.  First, the amount

7

of money is trivial. Second, neither Brenda's nor the Griffins had bankruptcy counsel to advise them about what expenses Brenda's money could be used to pay. Third, once the rental income was seized by Movant, the only viable source of income for Brenda's became the future rental income it would receive from Griffin's Cleaners after the renovation of the building was complete. This court is persuaded that Brenda's and the Griffins were just trying to stay afloat and that there was no underhandedness.

There was also evidence that the Griffins used money from Brenda's account to pay their own personal expenses. While this would normally be of grave concern to this court, neither Brenda's nor the Griffins had bankruptcy counsel to advise them of what their obligations were under the Bankruptcy Code. Because the amounts of these expenses were relatively small, there was no attempt to hide or recharacterize the nature of the transactions, and neither Brenda nor the Griffins had bankruptcy counsel until mid-March, roughly 4 months after the filing of the petition, this court finds that the Griffins did not realize they were engaging in improper activity when they used money in Brenda's account to pay their personal expenses.

None of the evidence suggests to this court that the Griffins, as the owners of Brenda's, have engaged in any fraud or dishonesty. In addition, trying to survive while having all your rental income seized is not incompetence or gross mismanagement. Therefore, this court finds that cause does not exist to appoint a Chapter 11 trustee in Brenda's case and this court will deny Movant's request.

Section 1104(a)(2) provides that a trustee or examiner can be appointed if it is in the interests of creditors. "Factors that courts have used to determine whether a trustee should be appointed under this subsection include:

(1) the trustworthiness of the debtor;

(2) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation

(3) the confidence-or lack thereof-of the business community and of creditors in present management; and

(4) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

In re Sundale, 400 B.R. at 901. None of these factors favor the appointment of a Chapter 11 trustee in Brenda's case. In addition, it is very clear to this court that Movant wishes to have a trustee appointed in Brenda's bankruptcy case so that it will have a chance of settling the state court lawsuit without the consent of Brenda's. If Brenda's is not able to go forward with the lawsuit, the only creditor who would benefit is Movant. Therefore, this court finds that creditors would not benefit from the appointment of a Chapter 11 Trustee in Brenda's bankruptcy case and this court will deny Movant's request.

## The Griffins

"In making a determination of whether cause exists under [11 U.S.C. § 1104(a)(1)], courts have looked at a variety of factors including:

(1) Materiality of the misconduct;

(2) Evenhandedness or lack of same in dealings with insiders or affiliated entities vis-a-vis other creditors or customers;

(3) The existence of pre-petition voidable preferences or fraudulent transfers;

(4) Unwillingness or inability of management to pursue estate causes of action;

(5) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor;

9

(6) Self-dealings by management or waste or squandering of corporate assets."

In re Sundale, 890 B.R. at 900. After a review of the evidence submitted at trial and after consideration of the relevant factors detailed above, this court finds that cause does not exist to appoint a Chapter 11 trustee in the Griffins' bankruptcy case.

At the hearing on the Motion for Appointment of a Trustee, the court was concerned about a few things concerning the Griffins' bankruptcy case. First, the Griffins used money from Brenda's accounts to pay for their personal expenses. This court addressed this issue in the section dealing with whether a trustee should be appointed in Brenda's case and will not address the issue again.

Second, Mr. Griffin transferred his interest in Griffin's Cleaners to his son, Vince Griffin prior to the filing of the bankruptcy petition. Upon reflection this transfer does not favor the appointment of a trustee in the Griffins' bankruptcy case. When Mr. Griffin transferred his interest to his son, Griffin's Cleaners did not have any assets. In fact, Griffin's Cleaners does not have any assets right now. Griffin's Cleaners does not have any value until it can start operating a commercial laundry. At that point, Brenda's and the Griffins would begin to benefit from the rental payments paid pursuant to the lease Griffin's Cleaners plans to sign with Brenda's. Further, Mr. Griffin credibly testified that he transferred his interest in Griffin's Cleaners to his son because Mrs. Griffin insisted he get out of the dry cleaning business. Mr. Griffin accidentally injured Mrs. Griffin while backing out of their driveway. Mrs. Griffin was severely injured, and told Mr. Griffin that she needed him to help her more. Mrs. Griffin was insistent that Mr. Griffin not start another commercial laundry business.

Third, Mrs. Griffin took out a loan on the family life insurance policy in October or November of 2013. She received two small checks prior to the bankruptcy filing and cashed those.

10

She also made a $22,000.00 payment to a home decorating company located in Kentucky that she owns jointly with another family member. Mrs. Griffin testified that she was not aware of their financial difficulties when she made those payments and that Mr. Griffin did his best to shield her from their money problems. This explanation is credible, especially considering that the $11,000.00 check received from the loan on the life insurance policy post-petition was deposited in the Griffins' DIP account, not in a personal account.

None of the evidence suggests to this court that the Griffins have engaged in any fraud or dishonesty. In addition, trying to survive while having all your rental income seized is not incompetence or gross mismanagement. Therefore, this court finds that cause does not exist to appoint a Chapter 11 trustee in the Griffins' bankruptcy case and this court will deny Movant's request.

Section 1104(a)(2) provides that a trustee or examiner can be appointed if it is in the interests of creditors. "Factors that courts have used to determine whether a trustee should be appointed under this subsection include:

(1) the trustworthiness of the debtor;

(2) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation;

(3) the confidence-or lack thereof-of the business community and of creditors in present management; and

(4) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment."

In re Sundale, 400 B.R. at 901. None of these factors favor the appointment of a Chapter 11 trustee in Brenda's case. In addition, it is very clear to this court that Movant wishes to have a trustee

11

appointed in the Griffins' bankruptcy case so that it will have a chance of settling the state court lawsuit without the consent of the Griffins. If the Griffins are not able to go forward with the lawsuit, the only creditor who would benefit is Movant. Therefore, this court finds that creditors would not benefit from the appointment of a Chapter 11 trustee in the Griffins' bankruptcy case and this court will deny Movant's request.

Jerry's

Section 1104(a)(2) provides that a trustee or examiner can be appointed if it is in the interests of creditors. "Factors that courts have used to determine whether a trustee should be appointed under this subsection include:

(1) the trustworthiness of the debtor;

(2) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation

(3) the confidence-or lack thereof-of the business community and of creditors in present management; and

(4) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

In re Sundale, 400 B.R. at 901. While none of the above-listed factors favors the appointment of a Chapter 11 trustee in this case, this court finds that one should be appointed. Jerry's has not been able to obtain bankruptcy counsel, and there are numerous hearings scheduled in the future where Jerry's should have representation. Therefore, this court will appoint a Chapter 11 trustee for Jerry's Enterprises, Inc.[8]

---

[8]Because the appointment of a trustee is appropriate under 11 U.S.C. § 1104(a)(2), this court will not address whether it would also be appropriate under 11 U.S.C. § 1104(a)(1).

12

## CONCLUSION

Movant failed to meet its burden of proof as to the appointment of a trustee pursuant to both 11 U.S.C. § 1104(a)(1) and 11 U.S.C. § 1104(a)(2) in Brenda's bankruptcy case and the Griffins' bankruptcy case. Therefore, this court will **DENY** Movant's request as to both Brenda's bankruptcy case and the Griffins' bankruptcy case. Movant met its burden of proof as to the appointment of a trustee pursuant to 11 U.S.C. § 1104(a)(2) in Jerry's bankruptcy case. Therefore, this court **GRANT** Movant's request as to Jerry's.

**DONE and ORDERED** this April 28, 2014.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge